UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAC Insurance Partners, LLC,
Plaintiff

v.

Clarendon National Insurance Company,
Defendant.

Case No.1:10-cv-24142-FAM

**AFFIDAVIT OF ADAM H. RUSS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Adam H. Russ, being duly sworn, deposes and says:

1. I am a member of the law firm of Wasser & Russ, LLP, attorneys (admitted *pro hac vice*) for plaintiff Clarendon National Insurance Company ("Clarendon"). I make this affidavit based upon my personal knowledge, the documents and records in my possession, and, where so indicated, my information and belief, in opposition to the motion for summary judgment by RAC Insurance Partners, LLC ("RAC") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 56.

**Procedural History**

2. The litigation of this dispute began September 1, 2010, when Clarendon commenced an action in New York (the "NY Action") against RAC and its principal shareholders, Luis Alvarez ("Alvarez") and Enrique Cuadra ("Cuadra"), to recover excess commission in the amount of $540,123.14 owed by RAC to Clarendon (the "Excess

Commission") pursuant to the General Agency Agreement entered into by RAC and Clarendon effective April 1, 2003 (the "Agency Agreement").[1] Alvarez and Cuadra are also individually liable to Clarendon for the Excess Commission under the Guarantee they executed, which forms Schedule 3 of the Agency Agreement. (Cuadra Decl. ¶ 5; Declaration of Luis Alvarez in Support of Plaintiff's Motion for Summary Judgment ("Alvarez Decl.") ¶ 4.)

3. The NY Action, *Clarendon National Insurance Company v. RAC Insurance Partners, LLC, et al.* (Index No. 651429/10), was commenced in New York State Supreme Court, New York County, and was removed by the three defendants (collectively, the "NY Defendants"), on October 20, 2010, to the U.S. District Court for the Southern District of New York (Case No. 10 CV 7993 (RMB)), where it is now pending. A true and correct copy of the complaint and accompanying exhibits (the "NY Complaint") is attached to Clarendon's Answer in this proceeding as Exhibit A and is attached hereto as Exhibit A. A true and correct copy The NY Defendants' Notice of Removal is attached hereto as Exhibit B.

4. On November 19, 2010, the NY Defendants filed their answer to the NY Complaint (the "NY Answer"). A true and correct copy of the NY Answer is attached hereto as Exhibit C. In their Answer, the NY Defendants did not contest the factual allegations of the NY Complaint with respect to the Agency Agreement or the commission payable thereunder. They maintained, however, and asserted as an affirmative defense, that Clarendon's claim for the Excess Commission was effectively released by Clarendon under the terms of a Settlement

---

[1] A copy of the Agency Agreement is attached to the Declaration of Enrique Cuadra in Support of Plaintiff's Motion for Summary Judgment (the "Cuadra Decl.") as Exhibit A.

Agreement and Release (the "Settlement Agreement") entered into by RAC, Clarendon and three other parties in 2008.[2]

5. On November 18, 2010, RAC commenced the instant action, alleging that Clarendon's demand for the Excess Commission constitutes a breach of the Settlement Agreement, and requesting not only a declaratory judgment to that effect, but also a declaration ordering that "the terms of the Settlement Agreement supercede [sic] and novate the terms of the Agency Agreement to the extent set forth in the Settlement Agreement." (Complaint [D.E.1] at p.10, par. 2(c) of the WHEREAS clause (Demand for Relief).)

6. On January 13, 2011, Clarendon filed its Answer in the instant case, denying that its claim for Excess Commission had been released under the Settlement Agreement, and arguing that: (i) this Court lacks, or should decline to exercise, subject matter jurisdiction to adjudicate Clarendon's claim for Excess Commission based upon the Agency Agreement's mandatory, exclusive forum selection clause requiring all disputes relating to the Agency Agreement to be brought in New York;[3] and (ii) RAC's contentions with respect to the Settlement Agreement were properly asserted, and had already been asserted, as an affirmative defense in the New York Action, where they would duly be adjudicated under Florida law, rather than as a separate action in Florida.

7. The NY Defendants filed a Motion to Stay the NY Action on March 14, 2011. Clarendon filed a Motion for Preliminary Injunction Enjoining Defendant RAC from Prosecuting its Second-Filed Action in Florida (*i.e.*, the instant action) on April 4, 2011. Both motions are pending before the Honorable Richard M. Berman, U.S. District Judge for the Southern District

---

[2] A copy of the Settlement Agreement is attached to the Cuadra Decl. as Exhibit B.

[3] Agency Agreement, § 9.6.

of New York. Clarendon had previously filed with this Court, on March 11, 2011, its Motion to Stay This Action Pending the New York Court's Determination of its Motion to Enjoin RAC.[4]

### Discovery

8. To date, RAC has produced only 62 pages of documents in response to Clarendon's comprehensive discovery demands. On March 22, 2011 RAC served discovery demands (*i.e.*, Interrogatories, Request for Production and Requests for Admission) on Clarendon. There have been no depositions to date. However, Clarendon has noticed the depositions of RAC, Alvarez and Cuadra for April 18-20, 2011 in Miami, Florida.

9. RAC itself has variously claimed that the amount attributable to the Cuquejo Claim was $540,000 or $514,000. Attached hereto as Exhibit D is a true and correct copy of a letter dated March 1, 2011 from RAC's New York counsel to Hon. Richard M. Berman, USDJ, stating that: "While Clarendon seeks to recover other alleged excess commissions, the core of what Clarendon seeks ($514,000) is attributable to a "large claim" paid by Clarendon, among others in Florida ("Cuquejo Claim")."

### RAC'S E&O Policy and the Settlement Agreement

10. Among the 62 pages of documents produced by RAC to date, was a copy of its errors and omissions policy issued by Lexington Insurance Company, effective from June 14, 2005 – June 14, 2006 (Policy No. 564-1538) (the "E&O Policy"). A true and correct copy of the E&O Policy and related documents produced by RAC are attached hereto as Exhibit E.

---

[4] Clarendon's submission of this Opposition to RAC's motion for summary judgment should not be deemed a waiver of its claim that this Court should decline to exercise subject matter jurisdiction over this case based upon both the forum selection clause contained in the Agency Agreement at § 9.6 and the first-filed rule as discussed in Clarendon's pending motion to stay.

11. The E&O Policy expressly excludes *"any Claim ... based on or arising out of the actual or alleged failure to ... return to anybody any ... commission ...."* (E&O Policy, Exclusion M, P. 6 of 11; emphasis added.)

12. The E&O Policy covered RAC's involvement in the Cuquejo Claim and under the terms of the Settlement Agreement Lexington agreed to contribute $2 million to the $12.5 million settlement of the Cuquejo Claim on behalf of RAC. Cuadra Decl., Exh B, par. 1.

13. There could have been no consideration provided for Clarendon's release of its commission claims under the Agency Agreement because: (i) RAC itself provided no consideration at all for Clarendon's release (Jack Affid. ¶ 8) and (ii) the consideration provided by Lexington could not possibly have related to Clarendon's commission claims under the Agency Agreement because of the express exclusion set forth in the E&O Policy (*see* ¶ 11, above). Therefore, no consideration flowed, or could have flowed, to Clarendon under the Settlement Agreement to induce Clarendon to release its claims against RAC for Excess Commission under the Agency Agreement.

### RAC'S Motion is Premature

14. The close of discovery has been fixed by the Court for April 22, 2011 – a mere nine days after RAC's Reply to this Opposition is due.

15. The grant of summary judgment under Rule 56 is inappropriate if the nonmoving party has had an inadequate opportunity to conduct discovery.

16. Clarendon has set depositions of several of Plaintiff's representatives for April 18, 19, and 20th, in Miami, FL. Notably, the Plaintiff has not filed any Motion for Protective Order limiting such discovery.

17. The upcoming depositions will likely produce testimony that would be relevant for the trier of fact to determine the issues in this lawsuit. Furthermore, there would be no harm or prejudice to any party if this Court permitted the upcoming depositions and discovery to proceed before ruling on summary judgment, as Plaintiff has not objected to the depositions. On the contrary, a premature decision, before the completion of discovery would be prejudicial to the losing party.

WHEREFORE, it is respectfully requested that the Court deny Plaintiff's motion for summary judgment in its entirety and grant such other and further relief as it deems just, proper and equitable.

Dated: April 5, 2011

_____
ADAM H. RUSS

Sworn to before me
this ___ day of April, 2011

_____
Notary Public

DOUGLAS WASSER
Notary Public, State of New York
No. 4736990
Qualified in Nassau County
Commission Expires Feb 28, 2014