KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

WRITER'S DIRECT DIAL NUMBER

March 1, 2011

BY HAND

Hon. Richard M. Berman
United States Courthouse
500 Pearl Street, Courtroom 21B
New York, New York 10007

Re:     Clarendon National Insurance Co. v. RAC Insurance Partners, et al.
        10 CV 7993 (RMB)

Dear Judge Berman:

Pursuant to this Court's Individual Practice No. 2(A), Defendants RAC Insurance Partners ("RAC"), Henri Cuadra ("Cuadra") and Luis Alvarez ("Alvarez") (collectively, "Defendants") hereby provide their response to the February 14, 2011 letter of Plaintiff Clarendon National Insurance Company ("Clarendon") and move for permission to make a motion to stay this action pending resolution of a related case in Florida federal court.  The parties had tried to resolve this case in mediation on February 28, 2011, but that mediation is at an impasse.

Purportedly pursuant to the first-filed rule, Clarendon seeks to have this Court enjoin an action brought by Defendants in the U.S. District Court for the Southern District of Florida, even though Clarendon has not sought a stay in the Florida court.  However, Clarendon fails to explain fully to this Court that most of the claims in this case are governed by a Settlement Agreement entered into between the parties in February of 2008 (the "Settlement Agreement"), which was expressly authorized by the Florida court, facts which noticeably are absent from the Complaint.

In accordance with the forum selection clause in the Settlement Agreement, Defendants brought an action seeking declaratory relief and for breach of the Settlement Agreement in Florida and not in an attempt to forum shop.  Indeed, it is Clarendon who is engaging in forum shopping by filing this action in

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

New York and his request should be denied. *See, e.g., Revise Clothing, Inc. v. Levi Strauss & Co.*, No. 10 Civ. 5843, 2010 U.S. Dist. LEXIS 130673, at *5 (S.D.N.Y. Dec. 6, 2010) (noting that forum shopping is an exception to the first filed rule); *Illinois Union Ins. Co. v. NRG Energy, Inc.*, No. 10 Civ. 5743, 2010 U.S. Dist. LEXIS 130677, at *4-5 (S.D.N.Y. Dec. 6, 2010) (denying motion to enjoin and transferring case where plaintiff failed to file case in proper forum in accordance with forum selection clause). Thus, the relevant question for this Court to decide is whether the Settlement Agreement applies to the claims asserted here and not which action was first filed.

By way of background, Clarendon's action before this Court seeks to collect hundreds of thousands of dollars in excess commissions pursuant to a General Agency Agreement between the parties, effective April 1, 2003 (the "GAA"). While Clarendon seeks to recover other alleged excess commissions, the core of what Clarendon seeks ($514,000.00) is attributable to a "large claim" paid by Clarendon, among others in Florida ("Cuquejo Claim"). (Complaint at ¶ 26.)[1] These claims, however, were resolved in the Settlement Agreement.

Specifically, the Settlement Agreement provides:

> Clarendon . . . hereby *fully release[s], acquit[s], and forever discharge[s] RAC* and . . . [its] *respective shareholders*, . . . from and for *any and all claims, demands, obligations, liabilities, or causes of action of any kind whatsoever,* whether in law or in equity, statutory or otherwise, *whether or not presently known or contemplated,* which have been, could have been or might have been asserted *as a result of the events related to the* . . . accident that occurred on November 14, 2004 *["Cuquejo Claim"],* including, but not limited to, any and *all claims specifically related to allegations of improper claims handling, professional liability or bad faith on the part of RAC.* . . . RAC . . . *satisf[ies] and [is] hereby discharged from any and all liability to Clarendon ... with respect to the lawsuit filed by Marlene Cuquejo.* . . It is the intention of the parties to this Agreement *to extinguish any potential liability on the part of RAC ... for contribution, indemnity, subrogation, equitable subrogation, and/or proration, including, but not limited to, both defense and indemnity, which might be claimed against RAC ... by Clarendon ... for matters released hereinabove* [including the Cuquejo Claim].

(Settlement Agreement, ¶¶ 2 & 3 (emphasis supplied).) As is clear from the language above, Clarendon did not carve out an exception for the excess commission claims that it asserts here.

---

[1]      Paragraph 26 of the New York Complaint provides, in pertinent part: "The amount of excess Commission due reflected the net of $1 million of extra contractual and excess liability that Clarendon had incurred on a large claim which occurred in the 2004-2005 Agreement year and settled in 2008, as well as the overall deterioration in loss ratios for the Subject Policies since the previous adjustment."

2

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The release in the Settlement Agreement precludes Clarendon's claims attributable to the Cuquejo Claim, including excess commission liability.[2]

There is no dispute that the Settlement Agreement is governed by Florida law or that the actions brought pursuant to the Settlement Agreement, either to enforce or to dispute its applicability, should be brought in Florida.  (Settlement Agreement, ¶ 13.)  Clarendon acknowledges that the effect of the Settlement Agreement is "already embraced in the instant action."  To the extent that Clarendon is seeking to overcome or ignore the release contained in the Settlement Agreement in an attempt to recoup excess commissions attributable to the Cuquejo Claim -- the *sole* forum to assert its claims is Florida.  For this reason, the Court should allow Defendants to make a motion to stay this action pending the resolution of the Florida action, which is the proper forum to decide such claims as previously agreed to by the parties.

In the interest of expediency for the Court, Defendants also respectfully request that the Court postpone the March 3 conference so that Clarendon can respond to this letter and the Court can hold one conference on these intertwined issues.

Respectfully submitted,

Kara F. Headley

Kara F. Headley

cc:    Adam H. Russ, Esq. (via email)

---

[2]    Arguably, a few claims asserted in this action are covered by the GAA and not subject to the terms of the Settlement Agreement.  However, these claims make up a very small portion of the amount in controversy.  Therefore, staying this action in entirety would allow the Florida court, which currently has an expedited schedule in place, to limit the disputes between the parties and potentially obviate any need to proceed with this action.

3